FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

JUL 1 9 2021

Kevin P. Weimer, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PERKINS LLC,

    Plaintiff,

    v.

FILLE, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:21-CV-1066-TWT

## OPINION AND ORDER

This is a Lanham Act case. It is before the Court on the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Transfer Venue [Doc. 13]. For the reasons set forth below, the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Transfer Venue [Doc. 13] is DENIED.

## I.    Background

The Plaintiff, Perkins LLC ("Perkins"), operates and licenses retail restaurants and bakeries under its name. The Defendant Lenny Petrou is the owner of the Defendants Fille, Inc. ("Fille") and Numero-III, Inc. ("Numero-III"). The Plaintiff alleges that its predecessor-in-interest and the Defendants entered into license agreements to operate Perkins restaurants in Moorestown and Green Brook, New Jersey ("the Moorestown Agreement" and "the Green Brook Agreement," respectively, or "the Agreements," collectively). Further,

T:\ORDERS\21\Perkins LLC\mtdtwt.docx

the Defendant Petrou executed a Guarantee and Assumption of Licensee's Obligations, whereby he personally and unconditionally guaranteed all financial and performance obligations of both of the Defendants' Agreements. The initial term of the Moorestown Agreement expired on August 10, 2019 and was extended on a month-to-month basis until December 31, 2019.  The term of the Green Brook Agreement was extended by amendment until November 25, 2020, at which time the Agreement expired.   The Agreements each contained provisions outlining the obligations of the licensees upon the termination of the Agreements. For example, Section 16(A) of the Moorestown Agreement includes a non-compete clause that prevents any officer of the Defendants from owning or operating a restaurant within three miles of the Moorestown location or any Perkins restaurant. Further, Section 16(C) limits the use of the Plaintiff's branding, identity, or trademarks and service marks. The Green Brook Agreement contains similar provisions.

The Plaintiff alleges that, after the expiration of the Moorestown and Green Brook Agreements, the Defendants continued to operate restaurants in the locations that formerly housed the Perkins restaurants and improperly used the Plaintiff's trademarks and service marks.   The Plaintiff brought this action in Fulton County Superior Court, seeking injunctive and legal relief for these alleged violations of the Lanham Act and the Agreements. The Defendants timely removed the case to this Court, claiming this Court has federal question jurisdiction over the Lanham Act claim and supplemental

T:\ORDERS\21\Perkins LLC\mtdtwt.docx

jurisdiction over the remaining claims. (Notice of Removal ¶¶ 6–7.)

## II.    Legal Standard

"To establish personal jurisdiction over a nonresident defendant, the plaintiff has the burden of establishing a prima facie case by presenting enough evidence to withstand a motion for directed verdict." *United States ex rel. v. Mortgage Investors Corp.*, 987 F.3d 1340, 1356 (11th Cir. 2021). A party presents enough evidence to withstand a motion for directed verdict by putting forth "substantial evidence . . . of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions . . . ." *Walker v. NationsBank of Fla. N.A.*, 53 F.3d 1548, 1555 (11th Cir. 1995). "The district court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). "And where the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must draw all reasonable inferences in the plaintiff's favor." *Mortgage Investors Corp.*, 987 F.3d at 1356.

## III.    Discussion

The Plaintiff filed this action in Fulton County Superior Court in reliance upon an allegedly enforceable forum-selection clause within the Agreements, which reads in part:

> YOU AGREE THAT WE MAY INSTITUTE ANY ACTION
> AGAINST YOU TO ENFORCE THE PROVISIONS OF THIS
> AGREEMENT IN ANY STATE OR FEDERAL COURT OF

T:\ORDERS\21\Perkins LLC\mtdtwt.docx

COMPETENT JURISDICTION IN THE STATE AND COUNTY IN WHICH OUR PRINCIPAL PLACE OF BUSINESS IS THEN LOCATED AND YOU IRREVOCABLY SUBMIT TO THE JURISDICTION AND VENUE OF SUCH COURTS AND WAIVE ANY OBJECTION YOU MAY HAVE TO EITHER THE JURISDICTION OR VENUE OF SUCH COURTS. YOU AGREE THAT ANY ACTION BROUGHT BY YOU TO ENFORCE ANY PROVISION OF THIS AGREEMENT WILL BE BROUGHT AND MAINTAINED ONLY IN A STATE OR FEDERAL COURT OF COMPETENT JURISDICTION IN THE COUNTY AND STATE IN WHICH OUR PRINCIPAL PLACE OF BUSINESS IS THEN LOCATED.

The Defendants now seek to dismiss this case for lack of personal jurisdiction or, in the alternative, transfer venue to New Jersey. The Defendants argue that the Plaintiff has failed to establish this Court's personal jurisdiction over the Defendants would comport with either Georgia's long-arm statute or due process. (Defs.' Br. in Supp. of Defs.' Mot. to Dismiss, at 8–14, 19–22.) Further, the Defendants argue that because the forum-selection clause was executed by the Plaintiff's predecessor-in-interest, its language is too ambiguous and uncertain to enforce here on behalf of the Plaintiff. (*Id.* at 15–19.) Alternatively, the Defendants request a transfer of this case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). (*Id.* at 22–26.) In response, the Plaintiff argues the forum-selection clause is enforceable for two reasons. First, the Plaintiff argues that because the Defendants were operating these restaurants on a month-to-month basis at the time of the licenses' expirations, the "Defendants ratified and reaffirmed their franchise agreements with Perkins, with full knowledge that Perkins

4

maintained its headquarters in Georgia." (Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss, at 3.) Second, the Plaintiff claims that other provisions in the Agreements clearly indicated that any successor-in-interest could enforce these forum-selection clauses. (*Id.*)

"In analyzing a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), we first determine whether the applicable statute potentially confers jurisdiction over the defendant, and then determine whether the exercise of jurisdiction comports with due process." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997). However, "[e]ven where neither the forum state's long-arm statute nor the due process minimum contacts analysis is satisfied, a court may exercise personal jurisdiction over a party if the party consents." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018). "Parties may, for example, contract or stipulate to submit their controversies for resolution within a particular jurisdiction." *Id.* at 1312–13 (internal quotation marks omitted). As long as these agreements are freely negotiated and are neither unreasonable nor unjust, "their enforcement does not offend due process." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985). Thus, if the Defendants submitted to jurisdiction in Georgia under the Agreements, this Court would have personal jurisdiction over the Defendants regardless of the result of the traditional two-step analysis.

The Defendants repeatedly focus on individual clauses within the

T:\ORDERS\21\Perkins LLC\mtdtwt.docx

Agreements to argue that these provisions do not clearly extend to future successors and assignees. (Defs.' Br. in Supp. of Defs.' Mot. to Dismiss, at 16 ("On its face, this forum selection clause does not extend to a future successor or assignee's principal place of business, and cannot be used to bootstrap jurisdiction over the Defendants.").) However, the Agreements are governed by Tennessee law. ("Except to the extent governed by the United States Trademark Act of 1946 or other federal law, this Agreement and the License shall be governed by the laws of Tennessee without regard to conflict of laws rules." (capitalization altered).) Under Tennessee law, "a contract's provisions must be interpreted in the context of the entire contract, viewed from beginning to end and all its terms must pass in review, for one clause may modify, limit or illustrate another." *D & E Constr. Co., Inc. v. Robert J. Denley Co.*, 38 S.W.3d 513, 519 (Tenn. 2001) (internal quotation marks omitted).[1] Reading these clauses in conjunction with the entirety of the Agreements, the plain language reveals that all future successors and assignees would be subject to these contractual obligations absent modification of the underlying

---

[1] Even if this choice-of-law provision were not applicable here, interpreting a contract as a whole is not a concept unique to Tennessee. *See Shepherd v. Greer, Klosic & Daugherty*, 325 Ga. App. 188, 190 (2013) ("[T]he construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." (internal quotation marks omitted)); *see also* Restatement (Second) of Contracts § 202(2) (1981) ("A writing is interpreted as a whole, and all writings that are part of the same transaction are interpreted together.").

6

Agreements. For example, just below the forum-selection clause in the Agreements, the contracts read:

> This Agreement is binding upon the parties hereto and their respective executors, administrators, heirs, assigns and successors in interest, and shall not be modified except by written agreement signed by both you and us.

Additionally, Section 12(A) of the Agreements states that each "Agreement is fully transferable by us and will inure to the benefit of any transferee or other legal successor to our interests in this Agreement." Reading them as a whole, it appears clear that all provisions of the Agreements, including the forum-selection clauses, apply with equal force to successors-in-interest. As a result, these provisions preclude the Defendants' argument that the terms "our" and "we" throughout the Agreements refer only to the Plaintiff's predecessor-in-interest, as the Agreements clearly contemplate the potential transfer or assignment of the predecessor's rights. (Defs.' Br. in Supp. of Defs.' Mot. to Dismiss, at 15–16.)

The Court will therefore read the Agreements with the Plaintiff standing in the place of its predecessors-in-interest, and the subsequent analysis is simple. Section 18(G) of the Agreements dictates that the Defendants "agree that [the Plaintiff] may institute any action against [the Defendants] to enforce the provisions of this agreement in any state or federal court of competent jurisdiction in the state and county in which [the Plaintiff's] principal place of business is then located and [the Defendants] irrevocably

7

submit to the jurisdiction and venue of such courts and waive any objection [they] may have to either the jurisdiction or venue of such courts." The Defendants' claim that this provision "does not identify a particular forum." (Defs.' Br. in Supp. of Defs.' Mot. to Dismiss, at 16.) While this provision does not name a forum, it does identify one: "any state or federal court of competent jurisdiction in the state and county in which [the Plaintiff's] principal place of business is then located . . . ." The Plaintiff's principal place of business is currently located in Fulton County, Georgia. Therefore, the Plaintiff may bring any suit against the Defendants arising out of the Agreements in either this Court or a Fulton County Superior or State Court. The Agreements make clear that the Defendants have consented to personal jurisdiction before this Court, and no statutory or constitutional analysis is required. *See Waite*, 901 F.3d at 1312.

This Court also has personal jurisdiction over the Defendant Petrou. In the Guaranty obligating the Defendant Petrou to guarantee the Defendant Fille's contractual obligations to the Plaintiff's predecessor-in-interest, The Restaurant Company ("TRC"), the contracts state:

> In consideration of and as an inducement to the execution of the Agreement by TRC, each person signing this Guaranty hereby personally and unconditionally, jointly and severally: (i) guarantees to TRC and its successors and assigns that the Licensee will punctually pay when due all amounts required to be paid under the Agreement and perform each and every undertaking, agreement and covenant set forth in the Agreement; and (ii) agrees to be personally bound by, and personally liable for the breach of, each and every provision in the Agreement.

8

A similar clause exists in the Defendant Petrou's Guaranty relating to the Defendant Numero-III's obligations to the Plaintiff's predecessor. Just as the Agreements require the Defendant LLCs to submit to the jurisdiction of this Court, Petrou is bound by the forum-selection clauses in the Agreements, as well. Therefore, the Court has personal jurisdiction over all of the Defendants in this action, and the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is denied.

The Defendants' alternative request of a transfer to the United States District Court for the District of New Jersey is also denied. The Defendants seek a transfer under 28 U.S.C. § 1404(a), arguing that New Jersey would represents a more convenient, efficient, and just forum for this dispute. (Defs.' Br. in Supp. of Defs.' Mot. to Dismiss, at 23.) However, "a proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist. Court for the Western Dist. of Texas*, 571 U.S. 49, 59–60 (2013) (internal quotation marks omitted). Because the forum-selection clauses in the Agreements are valid and enforceable, and because the Defendants have identified no exceptional circumstances that suggest enforcement of these clauses is improper, § 1404(a) does not preclude the Plaintiff's choice of forum in this action.

9

IV.    Conclusion

For the reasons set forth above, the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Transfer Venue [Doc. 13] is DENIED.

SO ORDERED, this ___*19*___ day of July, 2021.

_Thomas W. Thrash_
THOMAS W. THRASH, JR.
United States District Judge

10